UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE SECRETARY OF THE U.S. DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT, an
agency of the UNITED STATES OF AMERICA,

                      Plaintiff,         **REPORT AND**
                                     **RECOMMENDATION**
        -against-             CV 20-5998 (DRH) (ARL)

CHRISTINE TOSCANO Individually and as Voluntary
Administratrix of the Estate of Frank Launi a/k/a
Frank P. Launi, deceased; JOSEPH TOSCANO
Individually and as Voluntary Administrator of the Estate
of Frank Launi a/k/a Frank P. Launi, deceased; MARY
MICHELS; NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE; CLERK OF THE
SUFFOLK COUNTY TRAFFIC & PARKING VIOLATIONS
AGENCY; PEOPLE OF THE STATE OF NEW YORK
o/b/o Clerk of the Suffolk County District Court; ANNETTE
KRAUSS; CAPITAL ONE BANK USA NA; "JOHN DOE #1-5" and
"JANE DOE #1-5", said names being fictitious, it being
the intention of plaintiff to designate any and all occupants,
tenants, persons or corporations, if any, having or claiming
an interest in or lien upon the premises being foreclosed
herein,

                      Defendants.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      This matter has been referred to the undersigned by District Judge Hurley for the purpose of issuing a report and recommendation with regard to the motion of the plaintiff, the Secretary of the U.S. Department of Housing and Urban Development ("HUD"), for a default judgment of foreclosure and sale as against the defendants, Christine Toscano, Joseph Toscano, Mary Michels, the New York State Department of Taxation and Finance, the Clerk of the Suffolk County Traffic & Parking Violations Agency, the People of the State of New York, Annette Krauss, and Capital One Bank USA NA. For the reasons set forth below, the undersigned

respectfully recommends that HUD be awarded a judgment of foreclosure and sale against the defendants, under the supervision of a referee to be selected by Judge Hurley, reflecting the following amounts to be awarded to HUD: the principal sum of $252,999.22, interest in the amount of $134,843.23, plus $24.25 per day in interest from March 17, 2021 to the date of the entry of the order, service charges in the amount of $5,640, and a mortgage insurance premium in the amount of $27,941.22, for a total award before the per diem interest of $421,423.67.

## BACKGROUND

The following facts are taken from the complaint and the papers submitted in support of the motion for a default judgment.

### A. Factual Averments

#### 1. The Mortgages and Notes

HUD commenced this action on December 9, 2020, seeking to foreclose on a Home Equity Conversion Mortgage ("HECM"), also known as a reverse mortgage, encumbering the property commonly known as 116 Columbia Street, Huntington Station, NY 11746 (the "Property").[1]  ECF No. 1.  HUD is an agency of the United States of America, whose counsel has offices at 301 N.W. 6th St., Ste. 200, Oklahoma City, OK 73102.  Comp. ¶¶ 2, 3.  The

---

[1] A Certificate of Merit pursuant to CPLR 3012-b is annexed to the Complaint.  According to HUD, it is exempt from complying with the 90 day notice provisions of RPAPL §§ 1304 and 1306 because the mortgagor is deceased and the premises is not a principal residence.  Comp. ¶ 39.

HECM program is regulated and set forth in 24 CFR Part 206, et seq., and all subsequent handbooks (4330.1 REV-5) and mortgagee letters set forth by the Secretary of HUD. *Id*. ¶¶ 3, 4.

On or about August 12, 2005, Frank Launi ("Launi"), who is now deceased, executed an Adjustable Rate Note and Mortgage in the amount of $469,342.50, which was delivered to Financial Freedom Senior Funding Corporation, a subsidiary of IndyMac Bank, F.S.B.  *Id*. ¶ 8. The Mortgage was recorded in the Suffolk County Clerk's Office on September 23, 2005 in Liber:  M00021135 Page: 303.  *Id*.  Simultaneous with the execution of the Mortgage and Note, Launi executed and delivered a second note and collateral mortgage (the "Collateral Mortgage and Second Note") in favor of HUD dated August 12, 2005 and recorded on September 23, 2005 in Liber: M00021135 Page: 304 of the Suffolk County Clerk's Office.  *Id*. ¶ 11.  The Collateral Mortgage was additional security for the reverse mortgage that is the subject of the instant foreclosure action.  *Id*. ¶ 13.  Pursuant to paragraph 7(a) of the Note, HUD may require immediate payment in full of principal and accrued interest upon the event of death of the borrower as long as the mortgaged premises is not the principal residence of a surviving borrower.  *Id*. ¶ 19.

On October 27, 2009, the Mortgage was assigned to Mortgage Electronic Registration Systems, Inc. ("MERS") a Delaware Corporation, as nominee for Financial Freedom Acquisition LLC.  *Id.* ¶ 14; Ex. D.  The assignment was recorded on December 17, 2009 in Liber: M00021896 Page: 678.  *Id.* ¶ 15.  MERS then assigned the underlying Mortgage to HUD by

3

assignment dated March 27, 2014 and recorded on June 11, 2014 in Liber: M00022497 Page: 560. *Id.* ¶ 16; Ex. E. Launi died on March 15, 2015. *Id*. ¶ 20.

Over three years later, HUD elected to declare the entire sum under the Note due and payable. *Id*. ¶ 21. Accordingly, on August 22, 2018, HUD issued an Acceleration and Notice of Intent to Foreclose. *Id.* Ex. F. As of November 30, 2020, the following sums were due and payable: (1) principal: $252,999.22; (2) accrued interest: $132,841.24 (additional interest accruing at a rate of $24.32 per day); (3) service charges: $5,520.00; and (4) mortgage insurance premium: $27,318.87. *Id*. ¶ 24.

### 2. The Defendants

According to the complaint, Launi died testate on March 15, 2015, survived only by his sister Mary Michels. *Id*. ¶ 28. His Last Will and Testament devises the premises to Christine Toscano and Joseph Toscano. *Id.* The Will was not probated. *Id.* Nonetheless, Christine and Joseph Toscano are named as defendants because they are now the record owners of the premises and, thus, obligors under the Note secured by the Mortgage recorded on September 23, 2005. *Id*. ¶¶ 29-30. Mary Michels was named as a defendant because she is the heir-at-law to the Estate of Launi. *Id*. ¶ 31. The New York State Department of Taxation and Finance is a possible subordinate lienor by virtue of unpaid New York State Estate Taxes against the Estate of Launi. *Id*. ¶ 32. The Clerk of the Suffolk County Traffic & Parking Violations Agency is a possible subordinate lienor by virtue of numerous judgments against Joseph Toscano. *Id*. ¶ 33.

The People of the State of New York o/b/o Clerk of the Suffolk County District Court is named as a defendant because it too is a possible subordinate lienor by virtue of numerous judgments against Joseph Toscano. *Id*. ¶ 34. Annette Krauss is also a possible subordinate lienor by virtue of a judgment in the amount of $203.04 against Joseph Toscano 9 Alton Avenue, Greenlawn, NY 11740 recorded on June 18, 2018 in Index No. SC 000031 17 CE. *Id*. ¶ 35. Finally, Capital One Bank, N.A. is a defendant in this lawsuit as a possible subordinate lienor by virtue of judgment in the amount of $1,435.51 against Joseph L. Toscano, of 129 Selden Boulevard, Centereach, NY 11720 recorded on June 28, 2016 in Index No. CV 054004 12 BA.[2] *Id*. ¶ 36.

### B. Procedural Background

Between December 22, 2020 and February 15, 2021, each of the defendants was served with the Summons and Complaint along with a Civil Conference Sheet, a 1303 Notice – Help for Homeowners in Foreclosure, a Notice of Pendency, a Certificate of Merit, and Judge Hurley's Individual Practice Rules. ECF Nos. 7-12, 22, 35. None of the defendants answered or otherwise appeared and, between January 19, 2021 and March 10, 2021, at HUD's request, the Clerk of the Court entered certificates of default for all of the defendants. ECF Nos. 15, 18, 21, 25, 28, 31, 34 and 38. On March 29, 2021, HUD filed the instant motion for a default judgment

---

[2] The Joseph Toscano referenced in paragraphs 35 and 36 may or may not be the same Joseph Toscano who inherited the premises.

of foreclosure and sale. ECF No. 39. As noted above, that motion was referred to the undersigned on March 30, 2021.

## DISCUSSION

### A. Legal Standard Governing Default Judgments

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true"). However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon

6

which a claim is based and caused injuries as alleged."  *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997).   The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded."  *Greyhound*, 973 F.2d at 159.

      **B.**      **Liability**

      **1.**      **Claims against the Toscanos**

Usually, "[o]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor."  *United States v. Leap*, CV 11–4822, 2014 WL 1377505, at *2 (E.D.N.Y. Feb. 18, 2014), Report and Recommendation adopted by, 2014 WL 1383139 (E.D.N.Y. Apr. 8, 2014).   Here, HUD has presented the requisite documentation to establish a *prima facie* case, including the Mortgage, Note, Collateral Mortgage and Second Note and the Acceleration and Notice of Intent to Foreclose.   The Toscanos have not made an affirmative showing to overcome the plaintiff's *prima facie* case.   Therefore, it is respectfully recommended that a default judgment should be entered against the Toscanos.

      **2.**      **Claims Against the Remaining Defendants**

As stated above, the complaint names Mary Michels, the New York State Department of Taxation and Finance, the Clerk of the Suffolk County Traffic & Parking Violations Agency, the

People of the State of New York, Annette Krauss, and Capital One Bank USA NA as defendants because they are all alleged to have an interest in the subject property. Compl. ¶¶ 31-6. RPAPL § 1311 provides that the necessary parties to a mortgage foreclosure action include: "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." N.Y. RPAPL § 1311(3). "This rule 'derives from the underlying objective of foreclosure actions -- to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'" *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting *N.C. Venture I, L.P. v. Complete Analysis, Inc.,* 22 A.D.3d 540, 803 N.Y.S.2d 95, 98 (2d Dep't 2005)). Courts in this district have found that entry of default judgment "is appropriate where the complaint alleges 'nominal liability -- i.e., that any judgments the Defaulting [d]efendants may have against [the debtor], if liens on the mortgaged property, are subordinate to the [plaintiff's] lien.'" *Id*. (quoting *Christiana Bank & Trust Co. v. Dalton*, No. 06-CV-3206, 2009 WL 4016507, at *5 (E.D.N.Y. Nov.17, 2009)). Here, the complaint contains well-pleaded allegations of nominal liability on the part of the non-mortgagor defendants. The undersigned, therefore, respectfully recommends that a default judgment also be entered against Mary Michels, the New York State Department of Taxation and Finance, the Clerk of the Suffolk County Traffic & Parking Violations Agency, the People of the State of New York, Annette Krauss, and Capital One Bank USA NA.

### C.     Damages

HUD seeks $252,999.22 in principal owed on the Note and interest at a rate of 1.60 % amounting to $134,843.23 in interest from March 17, 2021, plus $24.25 in per diem interest. *See* Anderson Aff. ¶ 32.   HUD also seeks an award of $5,640 in service charges and $27,941.22 in insurance premiums.   In support of its claim for damages, HUD has submitted the Affidavit of Mikal Anderson, Chief Counsel of HUD, which breaks down the amounts owed.  *Id*.   By virtue of his default, the Toscanos have not objected to the plaintiff's calculations.   After reviewing the record, the Court finds that an evidentiary hearing is not necessary and respectfully recommends that judgment should be entered in HUD's favor in the amount of $421,423.67 before the per diem interest.

### OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below.   Counsel for plaintiff shall serve a copy of this Report and Recommendation on the defendants upon receipt and shall file proof of service with the Court.   Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service.   Failure to file objections within this period waives the right to appeal the District Court's Order.   See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60

(2d Cir. 1996).

Dated: Central Islip, New York
December 20, 2021

                                                          /s/
                                        ARLENE R. LINDSAY
                                        United States Magistrate Judge